## BRIDGET A. LAMB

*v.*

## MARGARET MARTIN.

1. A court of equity has power to prevent a defendant from setting up the statute of limitations as a defence to an action at law which the defendant has prevented the plaintiff from bringing until sufficient time has elapsed to render such defence available to him.

2. But it is an indispensable requisite to the exercise of such power that it shall be made clearly to appear that the plaintiff was prevented by the act of the defendant from suing until his action at law was barred.

3. Where one person makes a contract to convey land to another, and the vendee pays part of the purchase-money, and the vendor then refuses to perform, and the vendee sues for specific performance, and a decree for specific performance is made, the decree extinguishes the vendee's right of action for the purchase-money paid, and if he allows the decree to stand unperformed for six years he will not, if he sues after that time for his purchase-money, be entitled to an injunction restraining the vendor from setting up the statute of limitations.

On hearing on demurrer.

*Mr. R. V. Lindabury,* for demurrant.

*Mr. P. H. Gilhooley,* for complainant.

VAN FLEET, V. C.

The object of the bill in this case is to procure an injunction restraining the defendant from pleading the statute of limitations to an action at law brought by the complainant against the defendant. To the bill as originally framed the defendant interposed a demurrer, alleging want of equity, and on the question thus raised this court pronounced judgment in favor of the complainant, holding the bill to be sufficient and overruling the demurrer. *Lamb* v. *Ryan, 13 Stew. Eq. 67.* But, on appeal, the court of errors and appeals declared the bill to be insufficient, and reversed the judgment of this court. *Martin* v. *Lamb, Id.*

*669.* Since then the complainant has amended her bill, and the defendant has again demurred for want of equity, and the new question thus presented, is, whether the complainant has, by her added averments, so strengthened her case that she is now entitled to the relief she asks.

The case made by the original bill may be summarized as follows: The complainant, in 1874, made a written contract with the executors of John Keighry, deceased, for the purchase of certain lands for $3,900, the same to be conveyed to her clear of all encumbrance except a mortgage of $600; she paid ten per cent. of the purchase-money at the time the contract was signed; at the time and place fixed for the performance of the contract she tendered the balance of the purchase-money and demanded a deed; the executors failed to perform, alleging that they could not give her such a title as the contract required, because the lands were subject to an unpaid assessment, and also because the widow of their testator had not released her estate in dower; the complainant, in May, 1875, brought a suit in this court against the executors for the specific performance of the contract; they answered denying the complainant's right to a decree, and the case, on the issue thus raised, was brought to a hearing; the bill alleges that the executors, on the 25th of April, 1877, obtained, " on their own behalf and motion," a decree of specific performance; the complainant, subsequently, in December, 1878, and while the decree of specific performance was still in force, brought an action at law against the executors to recover the $390 which she had paid on the purchase-money; the executors, in April, 1879, procured an injunction restraining the further prosecution of this suit; the lands, which were the subject of the contract, were sold at sheriff's sale in October, 1883, under a decree of this court, founded on the $600 mortgage and subject to which the complainant had agreed to take title to the lands; the injunction, restraining the further prosecution of the suit at law, which the complainant instituted in December, 1878, was dissolved in December, 1883, and that suit was subsequently discontinued by the complainant, because the executor, against whose devisee she is seeking a remedy in this suit, had died in

Lamb *v.* Martin.

the meantime, and also because the estate of John Keighry, deceased, had, in the meantime, become insolvent; on the 7th of January, 1884, the complainant procured an order striking from the files of this court her own bill and all the proceedings had in the action which she brought for the specific performance of the contract, and she afterwards, in May, 1884, brought her present action at law, and this is the action in which she asks that the defendant may be restrained from pleading the statute of limitations.

These are the facts on which the complainant's right to relief, under her bill as originally framed, rested. Her amendments present three additional facts: *First,* she charges that she was induced to enter into the contract of purchase by fraud. She says that, although the executors knew that the widow would not release her estate in dower, and also that the lands which were the subject of the contract, were subject to other encumbrances besides the $600 mortgage, they nevertheless falsely assured her that the widow would release, and also that the lands were not subject to any other encumbrance than the mortgage. She charges, *secondly,* that the executors procured the injunction which was issued in April, 1879, fraudulently. She says that they knew when they applied for that writ that they had previously, by their own fraudulent misconduct, placed themselves in a position which rendered it impossible for them to perform the contract. And *thirdly,* she charges that the executors, by wrongfully misappropriating the funds in their hands to their own use, have rendered the estate of John Keighry, deceased, insolvent. The amendments do not, in my judgment, change in the slightest degree the case as it stood on the bill as originally framed. This suit, as well as the complainant's present action at law, is not brought against the executors, but against the devisee of one of them who died in May, 1881, the other being, as is alleged, a person of no responsibility.

The power of a court of equity to prevent a defendant, by injunction, from setting up the statute of limitations as a defence to an action at law, which he has wrongfully procured to be restrained until sufficient time has elapsed to render such a defence

Lamb *v.* Martin.

available, must, I think, on the plainest principle of justice, be regarded as entirely free from doubt. The reasons which should control the action of the court in such cases were stated by Chancellor Williamson in *Doughty* v. *Doughty, 2 Stock. 347*, as follows : " It would be unconscientious for a party to plead the statute of limitations against an adversary, who, at his solicitation had been enjoined from prosecuting his suit; and it would seem to be the appropriate remedy that the same instrument which he had used to interrupt the legal proceeding of another should be interposed, as a shield, to prevent his taking an undue advantage of such interruption." But the power of the court thus to control a citizen and deprive him of a right of defence, conferred by legislative enactment, rests, in my judgment, exclusively on the maxim that no man shall be permitted to take advantage of his own wrong. Justice will not permit a litigant first to prevent his adversary from seeking redress by suit at law for a wrong he has committed against his adversary, until his adversary's right of action is barred by lapse of time, and then when his adversary is relieved from the restraint which he has caused to be put upon him, and sues, to turn upon his adversary and say, "You are too late—you have lost your right of action by your laches." There is no laches in such a case. His adversary did not sue before because he was prevented. And that is the foundation of the jurisdiction which equity exercises in such cases. It is anind ispensable requisite, where a plaintiff in a suit at law applies to a court of equity to restrain the defendant from pleading the statute of limitations, that it shall be made clearly to appear that he was prevented, by the act of the defendant, from bringing his suit at law until his right of action was barred by the statute. And just here, as it seems to me, lies the conspicuous weakness of the complainant's case. It is entirely clear, on her own showing, that the complainant lost her right of action at law, not by anything the defendant did or procured to be done, but by what she did herself.

When the complainant's cause of action accrued in 1874, by the refusal of the executors to convey the lands in fulfillment of their contract, she was at liberty to seek redress by the pursuit

of one or two remedies. She could bring an action at law to recover the purchase-money which she had paid, or she could file a bill in equity for the specific performance of the contract. But she could not pursue both, for the pursuit of one would necessarily deprive her of the right to resort to the other. If she had recovered a judgment for the purchase-money she had paid, she would thereby have deprived herself of a right to specific performance; and so, if she had obtained a decree for specific performance, she could not afterwards have maintained an action at law to recover the purchase-money she had paid. She elected to sue for specific performance, and brought her suit for that purpose in May, 1875. A decree for specific performance was made in April, 1877. The complainant says the executors procured that decree to be entered. Whether she or the executors procured it to be entered is wholly immaterial. The decree was the judgment of the court, which the court pronounced on its own responsibility, and according to its own view of what was just on the facts before it. The effect of the decree, on the rights of the parties, was exactly the same whether it was entered at the instance of one party or the other. The decree remained in full force and vigor from April, 1877, until January, 1884, a period of over six years. While the decree remained in force, I regard it as absolutely certain that the complainant was concluded from maintaining an action at law for the purchase-money she had paid, for the decree extinguished her cause of action. While the decree stood she had a right to the specific performance of the contract, but no right to the return of her purchase-money, nor to an action to recover damages for a breach of the contract. The complainant, by her bill, says that in January, 1884, her bill and the decree for specific performance, and all proceedings had thereon, were struck from the files of the court. So that it is an undisputed fact in the case, that the complainant, for over six years, held the decree of this court adjudging that she was entitled to a specific performance of the contract. Whether the decree was right or wrong is not a question which is open to debate now. The decree gave her relief of the kind she had asked, and she, with full notice that it had been pronounced in

her favor, allowed it to stand, and bind her and the executors for over six years. That fact of itself, in my judgment, presents an insurmountable barrier to the relief she asks in this action. On her own showing, it conclusively appears, that she lost her remedy at law, not by anything the executors did, but by what she did herself.

There can be no doubt that the injunction granted in April, 1879, restraining the complainant from further prosecuting the action at law, which she brought in December, 1878, was rightfully granted. While the decree in the specific performance suit continued in force, the complainant had no right to a return of the purchase-money she had paid, and this court, having given her, at her own instance, relief against the executors for the wrong of which she complained, was bound, on a proper application being made, showing that, notwithstanding relief of the kind she had asked had been given to her, she was nevertheless, vexatiously, and in utter disregard of the decree she had obtained in this court, pursuing the executors in another tribunal, to stop her. It was not this injunction which deprived her of her remedy at law, but she deprived herself of it, by procuring a decree of this court, which operated, so long as it remained in force, as an extinguishment of her right of action at law.

The demurrer must be sustained, with costs.