163 N.J. Super. 132 (1978)
394 A.2d 373
DORIS Y. EVERNHAM, ADMINISTRATRIX AD PROSEQUENDUM AND GENERAL ADMINISTRATRIX OF THE ESTATE OF WALTER S. EVERNHAM, DECEASED, PLAINTIFF-APPELLANT,
v.
SELECTED RISKS INSURANCE COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 18, 1978.
Decided October 25, 1978.
*134 Before Judges CONFORD, PRESSLER and KING.
Mr. Dennis A. Drazin argued the cause for appellant (Messrs. Drazin and Warshaw, attorneys; Mr. G. Donald Haneke of counsel and on the brief).
Mr. Bernard F. Boglioli argued the cause for respondent (Messrs. Boglioli, Stamelman & Stein, attorneys).
The opinion of the court was delivered by CONFORD, P.J.A.D.
This appeal concerns the availability to an insurer of the defense of the limitation provisions, N.J.S.A. 39:6A-13.1, of the Automobile Reparation Reform Act ("no-fault"), N.J.S.A. 39:6A-1 et seq., under a special set of circumstances. Plaintiff was the named insured under a policy of automobile liability insurance, and her son, Walter S. Evernham, was a member of her household and an eligible "insured person" thereunder. Walter was injured seriously while riding a motorcycle as a result of a collision with an automobile on May 17, 1973. He died from his injuries January 10, 1975. This action by plaintiff, suing both as administratrix ad prosequendum and general administratrix of Walter's estate, to recover personal injury protection (PIP) benefits pursuant to N.J.S.A. 39:6A-4, 10 for medical expenses incurred as a result of Walter's *135 injuries, was instituted August 18, 1977. No benefits were paid, the first claim therefor against defendant insurer having been made June 23, 1977.
The trial court granted defendant's motion for summary judgment based on the limitation provision contained in the statute, N.J.S.A. 39:6A-13.1(b), which mandates that an action by a decedent's estate for benefits payable under the act "shall be commenced not later than 2 years after death or 4 years after the accident from which death results, whichever is earlier * * *," subject to qualifications not here pertinent. It is apparent from the facts recited that a literal application of the statute would bar this action after January 10, 1977, and that the suit is therefore late by some eight months.
Plaintiff seeks to be relieved of the bar of the statute on the basis of "good faith reliance" upon an endorsement on the policy issued to her excluding occupants of motorcycles from the category of persons entitled to medical expense payments. She points out that there was no judicial holding nullifying the exclusion by endorsement of motorcyclists injured as a result of a collision with an automobile until the rendition of Harlan v. Fidelity & Casualty Co., 139 N.J. Super. 226 (Law Div. 1976), and Hoglin v. Nationwide Mut. Ins. Co., 144 N.J. Super. 475 (App. Div. 1976). Those cases held the statutory provision calling for coverage of injuries "as a result of an accident involving an automobile" must be read literally to include the case of a collision between a motorcycle and an automobile. N.J.S.A. 39:6A-4. The motorcycle exclusion was consequently voided. The Harlan case was decided January 28, 1976; the Hoglin case, November 9, 1976.
Plaintiff seems to project a hybrid estoppel-discovery concept to avoid the bar of the statute. In addition to alleged reliance on the exclusionary endorsement, she contends she had no reason to believe that she or Walter had a claim under the policy until the Harlan and Hoglin cases were decided. In this regard it must be noted that the action was not filed *136 until a year and half after the decision of the Harlan case, and that almost a year remained after that decision before the date of the statutory bar.
The discovery principle developed in our tort law is not applicable here. It is peculiar to statutes of limitation based upon accrual of the cause of action, accrual being postponed if plaintiff neither knows nor has reason to know the facts equating with the likely accrual of a cause of action. Burd v. New Jersey Bell Tel. Company, 76 N.J. 284, 291 (1978); Tevis v. Tevis, 155 N.J. Super. 273, 278-279 (App. Div. 1978), certif. granted 77 N.J. 483 (1978). But a statute forbidding the institution of an action, otherwise maintainable, later than a period of years after a fixed objective event, generally precludes the operation of the discovery rule. See Rosenberg v. North Bergen, 61 N.J. 190, 194-195, 199 (1972). The cause of action itself dies after that lapse of time. Id. at 199. The same effective consequence has been articulated in terms of negation of the jurisdiction of a workers' compensation tribunal, the statute precluding institution of a claim petition unless filed within two years after the accident. Schwarz v. Federal Shipbuilding and Dry Dock Co., 16 N.J. 243, 248 (1954). The instant statute is, of course, of the same character, as the limitation runs from a fixed objective event.
In any case, several other circumstances also militate against invocation of either a discovery or an estoppel rationale for avoidance of the bar of limitations. Plaintiff has not asserted she personally relied on the exclusionary clause of the policy, but points out that her trial counsel informed her on September 12, 1973 that her policy did not allow this claim and that they did not change this view until after the decision of the Hoglin case, supra. We regard these circumstances as irrelevant. It was incumbent upon plaintiff to bring a timely action disputing the validity of the exclusionary clause in the light of the contrary language of the statute, just as the successful plaintiffs did in the Harlan and Hoglin cases, supra, and just as the successful plaintiff did in *137 relation to an invalid policy endorsement in the context of the uninsured motorist statute in Motor Club of America Ins. Co. v. Phillips, 66 N.J. 277 (1974).
Finally, looking at the case in its argued quasi-estoppel aspect, reliance by plaintiff or her counsel on the exclusionary clause certainly could not reasonably have extended beyond the adjudication by the Superior Court, Law Division, in the Harlan case that there was a basis for a valid claim on behalf of a motorcyclist in these circumstances. As noted above, the statutory limitation period extended until January 10, 1977, almost a year after the Harlan decision. Yet the action was not filed until August 18, 1977. The general rule in the cases applying the doctrine of equitable estoppel of a defendant to plead a statute of limitations is that if a reasonable time remains to meet the statute after cessation of any basis for continued reliance by the plaintiff on the conduct of the defendant the action will be barred if not filed in time. Annotation, 39 A.L.R.3d 143-144 (1971); 51 Am. Jur.2d Limitation of Actions, § 437 at 903; and see Lamb v. Martin, 43 N.J. Eq. 34, 37 (Ch. 1887). There is even a strongly held view that the reasonable time qualification should obtain in relation to the discovery rule. Fox v. Passaic General Hospital, 71 N.J. 122, 128 (1976) (Clifford, J., dissenting).
Clearly, plaintiff had a reasonable time to institute this action before expiration of the limitation period after announcement of the Harlan decision.
Judgment affirmed.