**Louise CADIEUX, Administratrix, Plaintiff, Appellant,**

v.

**INTERNATIONAL TELEPHONE & TELEGRAPH CORP., et al., Defendants, Appellees.**

**No. 78–1380.**

United States Court of Appeals, First Circuit.

Argued Jan. 5, 1979.
Decided Feb. 21, 1979.

Andrew J. Genna, New York City, with whom Stanley J. Levy, Melvin I. Friedman, Kreindler & Kreindler, New York City, Higgins, Cavanagh & Cooney, Providence, R. I., and O'Brien, Shafner, Garvey, Bartinik & Stuart, Groton, Conn., were on brief, for plaintiff, appellant.

Dennis J. McCarten, Providence, R. I., with whom William A. Curran, Providence, R. I., was on brief, for Teledyne Ryan Aeronautical and Teledyne, Inc.

John F. Dolan, John W. Kershaw, and Rice, Dolan, Kiernan & Kershaw, Providence, R. I., on brief, for Raytheon Co.

Harry W. Asquith, Edward W. Moses, and Swan, Jenckes, Asquith & Davis, Providence, R. I., on brief, for Varian Associates.

Guy J. Wells, Bernard P. Healy, and Gunning, LaFazia & Gnys, Inc., Providence, R. I., on brief, for Intern. Tel. & Tel. Corp. and Rockwell Intern. Corp.

Joseph A. Kelly, and Carroll, Kelly & Murphy, Providence, R. I., on brief, for The Bendix Corp.

Francis V. Reynolds, and Anthony F. DeMarco, Providence, R. I., on brief, for General Dynamics Corp.

Before COFFIN, Chief Judge, CAMPBELL, Circuit Judge, JULIAN,* Senior District Judge.

COFFIN, Chief Judge.

This is an appeal in a diversity case from the district court's dismissal of a wrongful death action as time barred. We affirm.

Plaintiff-appellant sues as administratrix of her husband's estate. The decedent was an electronics technician who worked on

* Of the District of Massachusetts, sitting by designation.

equipment manufactured by the defendants. As a result, he was allegedly exposed to microwave and X-ray radiation. At the age of 31, the decedent developed pancreatic cancer and died on October 4, 1974, shortly after the disease was first diagnosed. In late 1975, one of decedent's co-workers also developed terminal cancer at the age of 34. Concluding that defendant-appellees' equipment had caused her husband's death, appellant brought suit on June 2, 1977. The district court dismissed the suit as filed outside of Rhode Island's two year statute of limitations for wrongful death. R.I.G.L. §§ 10–7–2 & 10–7–7.[1]

■ Appellant attempts to avoid the statute's explicit command that "every such action shall be commenced within two years after the death of such person" by arguing that the so-called discovery doctrine should be applied to the wrongful death statute. *See, e. g., Wilkinson v. Harrington,* 104 R.I. 224, 243 A.2d 745 (1968). In *Wilkinson,* a medical malpractice case, Rhode Island's highest court held that the statute of limitations for negligence did not begin to run until the harm caused by the defendant's negligence was discovered or discoverable. Appellant argues further that the discovery rule should be extended in products liability cases to require discovery of the cause, as opposed to the fact, of the injury before the statute begins to run. *See Raymond v. Eli Lilly & Co.,* 412 F.Supp. 1392 (D.N.H.1976); *Raymond v. Eli Lilly & Co.,* 371 A.2d 170 (N.H.1977) (approving district court's construction of state law upon certification by court of appeals).

Unfortunately for appellant, Rhode Island courts have not extended the discovery rule to wrongful death cases, and, although the result seems harsh in this case, we are convinced that the Rhode Island Supreme Court would not read the statute of limita-

tions as appellant desires if the question were presented.

■ First, the cases extending the discovery rule to the cause, as opposed to the fact, of injury involved negligence statutes of limitation requiring suit within a certain time after the cause of action "accrued". *E. g.,* R.I.G.L. § 9–1–14; N.H.R.S.A. § 508:4. The word "accrued" leaves room for judicial interpretation and even innovation as to when the last element of a common-law cause of action comes into being. The directive that suit must be brought within two years of death leaves no such room.

■ Second, the Rhode Island Supreme Court has consistently refused to read exceptions into the statute of limitations, reasoning that the time limit is a condition on the existence of a legislatively created cause of action unknown to the common law and therefore not subject to judicial alteration or expansion. *Short v. Flynn,* 374 A.2d 787 (R.I.1977); *Nascimento v. Phillips Petroleum Co.,* 115 R.I. 395, 346 A.2d 657 (1975); *Tillinghast v. Reed,* 70 R.I. 259, 38 A.2d 782 (1944). Applying this rule to the facts at bar, we are compelled to find that when the Rhode Island legislature said that a cause of action shall exist for two years from the date of "death", it did not mean "two years from the date of discovery of the cause of death".

■ Finally, appellant's argument based on the "solicitude of the Rhode Island Legislature for the unique burdens of the products liability victim", allegedly demonstrated in the 1978 amendment of R.I.G.L. § 9–1–13, does not impress us. The amendment provides that products liability cases shall be brought "within ten (10) years after the date the product was first purchased for use or consumption." We do not read

---

1. R.I.G.L. § 10–7–2 provides, in pertinent part:
 "Action by executor or administrator— Persons Benefitted—Commencement of Action . . . Every such action shall be brought by and in the name of the executor or administrator of such deceased person, whether appointed or qualified within or without the state, . . . Provided, that

 every such action shall be commenced within two (2) years after the death of such person;"
 Section 10–7–7 makes the same limit applicable to actions to recover for the deceased's pain, suffering, and medical expenses. *See Lubrano v. Atlantic Mills,* 19 R.I. 129, 32 A. 205 (1895).

this amendment as creating a new ten year period to bring products liability suits. Rather, the amendment clearly provides that the ten year period after the sale of the offending product is an additional limit on suits brought within the existing statutes that relate to the date of the injury. If R.I.G.L. § 9–1–13 demonstrates solicitude for any group, it is for the manufacturers who, prior to July 1, 1978, had no statutory protection from suit that was related to the date of original sale of a product.

■ Appellant also argues that if the two year limitation period applies to this case, the statute violates the Equal Protection Clause of the Fourteenth Amendment. Appellant's argument is based on the fact that the statute of limitations for negligence allows three years to bring suit, unless negligence causes death, in which case the two year statute applies. R.I.G.L. § 9–1–14; *Nascimento v. Phillips Petroleum, supra.* According to appellant, this discrepancy works an invidious discrimination against tort victims who die from their injuries. We are not convinced.

■ First, it seems clear and is conceded that because no suspect classification or fundamental right is involved, the minimum rationality standard of review of legislative classification applies. *Reed v. Reed,* 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971). Moreover, we are not certain that the legislative scheme treats similarly situated persons differently at all.[2] In a wrongful death action, a survivor brings suit; in a personal injury action, the victim brings suit. We see a clear distinction between the nature of the plaintiffs involved which fully supports the state's decision to treat the two types of plaintiff differently.

The personal injury plaintiff often must recover from his injuries before he is able to bring suit. The uninjured personal representative has no such disability. The surviving tort victim may not know the extent of his injuries. The personal representative

has no such problem. The community-disturbing event of death is likely to prompt immediate focus by third parties upon the cause thereof, thereby eliminating one possible delay involved in assembling a personal injury case. Finally, both the survivors and the state have an interest in prompt settlement of the affairs of the deceased. Thus, the state is justified in encouraging the personal representative to bring suit promptly. In short, reasonable grounds support the state's decision to treat the two causes of action differently.

*Affirmed.*

---

**2.** We note in passing that we are not aided in reaching this conclusion by appellees' decision at oral argument to rely on the position that because one cause of action developed at common law and another was developed by statute, there obviously could be no equal protection violation involved in treating the two causes differently.