168 N.J. Super. 543 (1979)
403 A.2d 939
ESTELLE K. PRESSLAFF, AS ADMINISTRATRIX AD PROSEQUENDUM AND GENERAL ADMINISTRATRIX OF THE ESTATE OF ALLEN MARK PRESSLAFF, AND ESTELLE K. PRESSLAFF, INDIVIDUALLY, PLAINTIFF-APPELLANT,
v.
BERNARD ROBINS, M.D., PFIZER LABORATORIES DIVISION, A DIVISION OF PFIZER, INC., U.S.V. PHARMACEUTICAL CORP., CIBA PHARMACEUTICAL CO., A DIVISION OF CIBA-GEIGY CORP., SUPERMARKETS GENERAL CORPORATION, T/A PATHMARK PHARMACY, MEDI-MART PRESCRIPTION DRUG STORE, A DIVISION OF STOP & SHOP CO., JOHN DOE AND HARRY DOE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 21, 1979.
Decided May 30, 1979.
*544 Before Judges CONFORD, PRESSLER and KING.
Mr. David Lustbader argued the cause for appellant (Mr. Philip M. Lustbader, Mr. David Lustbader, attorneys; Mr. Stephen L. Hopkins on the brief).
Ms. Molly B. Cannon argued the cause for respondent Bernard Robins, M.D. (Messrs. Shanley & Fisher, attorneys).
Mr. John C. Heavey, Jr., argued the cause for respondent Pfizer Laboratories Division, a division of Pfizer, Inc. (Messrs. Carpenter, Bennett & Morrisey, attorneys).
Mr. James L. Melhuish argued the cause for respondents Ciba-Geigy Corporation and USV Pharmaceutical Corp. (Messrs. Morgan, Melhuish, Monaghan & Spielvogel, attorneys; Mr. James S. Dobis on the brief).
Mr. Robert J. McCoid argued the cause for respondent Medi-Mart Prescription Drug Store, a division of Stop & Shop Co. (Messrs. Budd, Larner, Kent, Gross, Picillo & Rosenbaum, attorneys).
The opinion of the court was delivered by CONFORD, P.J.A.D. (retired and temporarily assigned).
*545 This is an appeal from an interlocutory order, taken by leave of this court, from an order partially granting defendants' motion for summary judgment on a claim for wrongful death of decedent allegedly due to medical malpractice and the use of a defective pharmaceutical product. The court granted leave in order to settle the question as to whether the discovery rule is available in respect of the running of the statute of limitations in a wrongful death action  an issue not heretofore decided by any appellate court in this State.
The action, instituted in the Superior Court, included survivorship counts for decedent's pain and suffering prior to death. The trial judge denied defendants' motion for summary judgment insofar as the survivorship counts were concerned, applying the rule that the discovery principle would apply thereto, Lopez v. Swyer, 62 N.J. 267 (1973), but granting the motion as to the wrongful death counts because the action had been instituted more than three years after decedent's death, and the discovery principle was deemed not available in respect of those counts under the limitation provision of the Wrongful Death Act. See N.J.S.A. 2A:31-3.
Plaintiff's decedent for several years prior to his death had been taking medication known as DBI and Diabinese for a diabetic condition. He died January 8, 1975, and plaintiff was told by an attending physician that the cause of death was heart failure. Plaintiff claims she did not suspect any relationship between the medication and decedent's death until certain media publicity in July or August 1977 reporting that "one of these drugs had been banned by the federal government because it was causing a great number of deaths and was a threat to the public health of the country." At about that date she also learned that DBI had been taken off the market by the Federal Government because its side effects had "been linked to as many as 700 deaths each year." The present complaint was filed March 28, 1978, joining various pharmaceutical companies and drug merchants and *546 decedent's attending physician as defendants. The complaint was based on theories of negligence, breach of warranty and strict liability in tort.
The Wrongful Death Act limitations provision, N.J.S.A. 2A:31-3, reads as follows:
Every action brought under this chapter shall be commenced within 2 years after the death of the decedent, and not thereafter.
This statute, which fixes a specified objective event to incept the period of time within which an action must be brought, is to be contrasted with the general statute of limitations, N.J.S.A. 2A:14-2, applicable to negligence actions, which directs the institution of such an action "within 2 years next after the cause of any such action shall have accrued." The latter falls within the "accrual" category of limitation provisions. It is settled law in this State that the discovery principle is not applicable except in relation to an accrual period of limitations. The subject was most recently discussed in the opinion of this court in Evernham v. Selected Risks Insurance Co., 163 N.J. Super. 132 (App. Div. 1978), which refused to apply the discovery rule to the limitation provisions contained in N.J.S.A. 39:6A-13.1 (b) of the Automobile Reparation Reform Act (No Fault). That provision, like N.J.S.A. 2A:31-3, contains a limitation provision based upon a fixed objective event. We said:
The discovery principle developed in our tort law is not applicable here. It is peculiar to statutes of limitation based upon accrual of the cause of action, accrual being postponed if plaintiff neither knows nor has reason to know the facts equating with the likely accrual of a cause of action. Burd v. New Jersey Bell Tel. Company, 76 N.J. 284, 291 (1978); Tevis v. Tevis, 155 N.J. Super. 273, 278-279 (App. Div. 1978), certif. granted 77 N.J. 483 (1978). But a statute forbidding the institution of an action, otherwise maintainable, later than a period of years after a fixed objective event, generally precludes the operation of the discovery rule. See Rosenberg v. North Bergen, 61 N.J. 190, 194-195, 199 (1972). The cause of action itself dies after that lapse of time. Id. at 199. The same effective consequence has been articulated in terms of negation of the *547 jurisdiction of a workers' compensation tribunal, the statute precluding institution of a claim petition unless filed within two years after the accident. Schwarz v. Federal Shipbuilding and Dry Dock Co., 16 N.J. 243, 248 (1954). The instant statute is, of course, of the same character, as the limitation runs from a fixed objective event. [at 136]
The same principle has been applied by our Supreme Court. Lawrence v. Bauer Publishing & Printing Ltd., 78 N.J. 371 (1979), rev'g on dissent below 154 N.J. Super. 271, 276 (App. Div. 1977) (discovery rule inapplicable to the one-year statute of limitations for libel contained in N.J.S.A. 2A:14-3); Rosenberg v. North Bergen, 61 N.J. 190 (1972) (discovery rule inapplicable to N.J.S.A. 2A:14-1.1, which provides that an action against an architect or contractor must be commenced within 10 years "after the performance or furnishing of such services and construction").
Plaintiff acknowledges the force of the foregoing precedents but urges the unacceptabiilty as a matter of public policy of the anomaly that a survivorship action arising out of the marketing and administration of a drug to a decedent should be attended by the availability of the discovery principle to save the cause of action from the statute of limitations, while a wrongful death action for the same act of a tortfeasor would not be similarly advantaged. Plaintiff proposes to remedy this anomaly, at least in the limited situation where a single action for actionable conduct contains both survivorship and wrongful death counts, by invoking the underlined language from the following provision of the Wrongful Death Act, N.J.S.A. 2A:31-1:
When the death of a person is caused by a wrongful act, neglect or default, such as would, if death had not ensued, have entitled the person injured to maintain an action for damages resulting from the injury, the person who would have been liable in damages for the injury if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured and although the death was caused under circumstances amounting in law to a crime.
*548 The contention is that since, "if death had not ensued," decedent would have enjoyed a cause of action relieved by the discovery rule as respects the period of limitation, the statute contemplates an identical substantive right where the wrongful act, neglect or default produces death. The contention is fundamentally mistaken. The purpose of the emphasized language in N.J.S.A. 2A:31-1 is only to qualify the kind of actionable conduct of a tortfeasor which will support a wrongful death action. It is required to be the same kind of conduct as would have supported an action by the decedent if he had not died. The court may not strain on policy grounds to manufacture a signification of the statutory language to achieve a result obviously not intended by the Legislature and in direct conflict with the unequivocal proscription in N.J.S.A. 2A:31-3. Any reconciliation of the anomaly complained of by plaintiff is for the attention of the Legislature.
We conclude that the trial judge was eminently correct in holding the wrongful death counts barred by the statute of limitations.
Plaintiff's appellate brief raises another point, difficult to understand, but apparently premised on the contention that her papers in opposition on the motion for summary judgment "give rise to an inference that the several defendants knew of the hazards associated with decedent's medication" prior to the running of the period of limitations, and that their conduct therefore in some way constitutes a concealment by them warranting invocation of the principle of estoppel against raising the statute of limitations as a defense. To the extent we understand the argument, we find it frivolous.
Judgment affirmed.