**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3599-18T3

EMMANUEL LEWIS, General
Administrator and Administrator
Ad Prosequendum of the ESTATE
OF MILTON E. LEWIS, Deceased,

     Plaintiff-Appellant,

v.

TRINITAS REGIONAL MEDICAL
CENTER, DEBRA SCHORK, and
CONNIE GROSS,

     Defendants,

and

DR. CLARKE GOODMAN, DR.
JEFFREY P. GOLDMAN, NICOLE
DRAGO, and MAURICE PRIOR,

     Defendants-Respondents.

_____

Submitted December 2, 2019 – Decided December 18, 2019

Before Judges Messano, Ostrer and Vernoia.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Union County, Docket No. L-3501-18.

Tayo Massey Bland, attorney for appellant.

Wilson Elser Moskowitz Edelman & Dicker, LLP, attorneys for respondent Dr. Clarke Goodman (Maxwell Leonard Billek and Andrea Laura Bonvicino, of counsel and on the brief; Lorina C. Murphy, on the brief).

Weber Gallagher, attorneys for respondent Dr. Jeffrey P. Goldman (Kenneth M. Brown, of counsel; Jennifer Suh, on the brief).

Ruprecht Hart Ricciardulli & Sherman, LLP, attorneys for respondents Nicole Drago, RN, and Maurice Prior, RN (Michael R. Ricciardulli, of counsel and on the brief; Lisa Ramirez Ortiz, on the brief).

PER CURIAM

The key issue in this appeal is whether plaintiff adequately named two physicians and two nurses in his pro se medical negligence complaint before the limitation periods for his wrongful death and survivorship actions expired. See N.J.S.A. 2A:31-3 (stating that actions for wrongful death must be brought within two years of death); Warren v. Muenzen, 448 N.J. Super. 52, 64-69 (App. Div. 2016) (holding, notwithstanding the literal language of N.J.S.A. 2A:15-3, that the limitations period governing a survivorship action for medical malpractice is two years from the date of the injury or its discovery, consistent with N.J.S.A.

2

2A:14-2, as may be extended by N.J.S.A. 2A:14-23.1). We conclude he did, as the complaint's caption adopted by reference an attached list that included the treating professionals. We therefore reverse the trial court's order dismissing the complaint against the treating professionals.

Plaintiff Emmanuel Lewis is the general administrator and administrator ad prosequendum for the estate of his father, Milton E. Lewis. Emmanuel[1] alleges that medical professionals at Trinitas Regional Medical Center negligently failed to diagnose that his father had suffered a stroke and to treat him appropriately. His father was admitted to the hospital on October 17, 2016, and died there six days later.[2]

In June 2018, Emmanuel secured letters of limited administration in the Surrogate's Court of Erie County, New York, where Milton resided. On October 2, 2018, the Union County Surrogate's Court granted Emmanuel administration ad prosequendum for the purpose of prosecuting a claim on behalf of Milton's estate and heirs against the hospital; two physicians, Dr. Clarke Goodman and

---

[1] For convenience, we use first names to distinguish between the father and son, and mean no disrespect in doing so.

[2] We are guided by plaintiff's pro se pleadings for these dates, notwithstanding that plaintiff's counseled brief asserts, without documentary support, that Milton was admitted to the hospital on October 10, 2016.

A-3599-18T3

Dr. Jeffrey Goldman; and four registered nurses, Nicole Drago, Debra Schork, Connie Gross, and Maurice Prior.[3]

Then, on October 9, 2018, before the limitations periods expired, Emmanuel filed a pro se complaint utilizing a form available on the Judiciary's website. In the space in the caption to identify the plaintiff, Emmanuel hand-wrote, "Emmanuel Lewis, General Administrator and Administrator Ad

---

[3] The full document states (with addresses redacted):

> I, James S. LaCorte, Surrogate of Union County do hereby certify that on October 2, 2018 Administration Ad Prosequendum was granted to:
>
> Emmanuel M. Lewis
>
> For the purpose of enabling the Administrator to prosecute an alleged claim of the Estate and Heirs at Law and Next of Kin of Milton E. Lewis, late of Buffalo, County of Erie, State of New York, who departed this life on October 23, 2016 intestate against:
>
> Trinitas Regional Medical Center . . .
> Dr. Clarke Goodman . . .
> Dr. Jeffrey Goldman . . .
> Nicole Drago, RN . . .
> Debra Schork, RN . . .
> Connie Gross, RN . . .
> Maurice Prior, RN . . .
>
> Or any other person or persons, or corporation, whose wrongful act, neglect or default caused the death of the said Milton E. Lewis (Divorced), Deceased.

A-3599-18T3

Prosequendum of the Estate of Milton E. Lewis, Deceased." In the space to identify the defendants, Emmanuel typed in "Trinitas Regional Medical Center," and then, immediately below the pre-printed word, "Defendant(s)," Emmanuel hand-wrote, "(please see attachments)." Attached to the form complaint was the Union County Surrogate's Court letters of administration ad prosequendum, which listed the hospital and the professionals. In the first paragraph of the body of the form complaint, only the hospital's name was inserted in the small blank space for "name of person being sued." Where the pro se plaintiff is directed to "[s]ummarize what happened that resulted in [his or her] claim against the defendant. Use additional pages if necessary," Emmanuel wrote, "Please see attached documentation."

In an amended complaint, Emmanuel avoided any doubt about the parties' identity: he wrote the professionals' names in and outside the caption area of the form, and attached a narrative that alleged details of defendants' negligent care of his father. However, Emmanuel filed the amended complaint on October 29, 2018 – two years and six days after Milton's death, and a slightly longer period after the alleged misdiagnosis.[4]

---

[4] We need not address whether the limitations period for the survivorship action would be extended by the discovery rule. See Warren, 448 N.J. Super. at 64-65

Drs. Goldman and Goodman, and RNs Drago and Prior filed motions to dismiss on statute of limitations grounds.[5] They contended they were not named as defendants in the initial, timely filed complaint; and the amended complaint did not relate back. The trial court agreed and dismissed the complaint as to them. We granted Emmanuel's motion for leave to appeal. Reviewing the trial court's order de novo, see Feuer v. Merck & Co., 455 N.J. Super. 69, 76 (App. Div. 2018), aff'd o.b., 238 N.J. 27 (2019), we now reverse.

It is fundamental that a complaint must include in its "title . . . the names of all the parties," and include their addresses. R. 1:4-1(a). However, our Rules permit a party to adopt by reference an attachment to a pleading. "Statements in a pleading and exhibits to a pleading may be adopted by reference in a different part of the same pleading." R. 1:4-3. Reading the two rules together, we are satisfied that a party may, in lieu of including all the parties' names in

---

(suggesting that the discovery rule would apply, consistent with the principle that the statute of limitations that applies to a particular cause of action applies equally to a post-death survivorship claim). We have held that the discovery rule does not apply to Wrongful Death Act claims. Presslaff v. Robins, 168 N.J. Super. 543, 546 (App. Div. 1979).

[5] RNs Schork and Gross did not join the motion and are not parties to this appeal.

A-3599-18T3

the caption, adopt by reference a list attached to the complaint, at least in the case of a pro se complaint.[6]

We are also satisfied that the attached letters of administration ad prosequendum sufficed to identify defendants. We indulgently read a complaint "to ascertain whether the fundament of a cause of action may be gleaned." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (quoting Di Cristofaro v. Laurel Grove Memorial Park, 43 N.J. Super. 244, 252 (App. Div. 1957)). We apply the same "liberality" in determining that the four treating professionals were named. Ibid. The caption directed a reader to "please see attachments." The fact that the list of defendants was included in the text of the Surrogate's document does not detract from Emmanuel's obvious intent: to include the six professionals named in the document as defendants, as if they were expressly named in the caption area of the form.

---

[6] We take judicial notice, N.J.R.E. 201, that the form civil complaint that Emmanuel used – Form A CN10553, which is available on the Judiciary Website's "Self-Help Center" – includes two lines for the insertion of defendants' names. The space is limited and does not expand to fit lengthy text. A user may type in the names on the on-line form and then save and print it. Furthermore, the first line is automatically inserted into the line for "name of person being sued." Although that can be changed, the space for inserting the "name of person being sued" is similarly limited.

Our conclusion is also consistent with the essential role of our Court Rules: to assure "just and expeditious determinations between the parties on the ultimate merits." Ragusa v. Lau, 119 N.J. 276, 283-84 (1990). As he certified, Emmanuel reasonably expected his attachment would satisfy the requirement to name all parties. Under the circumstances, that expectation should be fulfilled. See Rubin v. Rubin, 188 N.J. Super. 155, 159 (App. Div. 1982) (stating that while pro se litigants are not entitled to greater rights than those represented, an adjournment should have been granted because the pro se litigant reasonably expected he would have an opportunity to be heard based on the text of the notice he received).

In view of our conclusion, we need not address Emmanuel's alternative grounds for reversing the trial court's order.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3599-18T3