SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized.)

## NuWave Investment Corp. v. Hyman Beck & Co. (A-81-13) (073551)

**(NOTE: The Court did not write a plenary opinion in this case. Instead, the Court affirms the judgment of the Appellate Division substantially for the reasons expressed in Judge Messano's written opinion, which is published at 432 N.J. Super. 539 (App. Div. 2013).)**

**Argued April 13, 2015 -- Decided May 27, 2015**

**PER CURIAM**

In this appeal, the Court considers whether presumed damages may be awarded in a defamation action where actual damages are proven, and, if so, whether such damages may be awarded in more than a nominal amount.

Plaintiffs Troy Buckner and John Ryan were principals of NuWave Investment Corporation (NuWave, and collectively, plaintiffs). Defendant First Advantage Litigation Consulting, LLC, formerly BackTrack Reports, Inc. (BackTrack), prepared background investigative reports regarding the financial industry for clients considering investment opportunities. BackTrack prepared such reports on Buckner, Ryan and NuWave, which included many statements attributed to Hyman Beck & Company (Hyman Beck) and its employees, Alexander Hyman and Richard DeFalco (collectively, the Hyman Beck defendants). Plaintiffs considered the statements defamatory. On February 8, 2006, plaintiffs filed a complaint asserting various causes of action, including trade libel and defamation, against all defendants. Plaintiffs' defamation claim against the Hyman Beck defendants was dismissed based on the applicable one-year statute of limitations. Summary judgment proceedings and further dismissals left only the defamation claim against BackTrack for trial.

The jury found BackTrack liable and awarded the following amounts as "presumed damages": $1 million (NuWave), $150,000 (Buckner); $50,000 (Ryan). The jury further determined that NuWave suffered $1.406 million in "actual damages" as a proximate result of BackTrack's defamatory statements, but neither Buckner nor Ryan suffered actual damages. The jury also determined that Hyman "and/or" DeFalco had defamed plaintiffs, apportioning responsibility as follows: BackTrack (37%); Hyman (53%); DeFalco (10%). Lastly, the jury determined that BackTrack "engaged in malicious or willful and wanton conduct entitling" plaintiffs to punitive damages in the amount of $250,000. The judge molded the verdict and entered an order for judgment.

Plaintiffs and BackTrack appealed. BackTrack argued that the trial court erred in several respects, and specifically challenged the trial court's "presumed damages" and punitive damages awards. Plaintiffs argued that the trial court erred in dismissing their claim against the Hyman Beck defendants as barred by the statute of limitations. In a published opinion, the Appellate Division affirmed the dismissal of plaintiffs' claims against the Hyman Beck defendants, rejecting plaintiffs' argument that the "discovery rule" should apply to make their claims timely. 432 N.J. Super. 539 (App. Div. 2013). With regard to BackTrack's appeal, the panel agreed with the trial court that the challenged statements were largely defamatory, but determined that a jury cannot award both presumed nominal damages and other "actual damages." The panel relied on W.J.A. v. D.A., 210 N.J. 229 (2012), a decision of this Court entered after the instant appeal had been briefed. In the end, the panel affirmed the jury's verdict as to liability and reversed the judgment on damages, remanding the matter for a new trial on damages in accordance with its opinion. The panel further vacated the judgment on punitive damages.

The Court granted NuWave's petition for certification. 217 N.J. 303 (2014).

**HELD:** The judgment of the Appellate Division is **AFFIRMED** substantially for the reasons expressed in Judge Messano's opinion. The matter requires a new trial on damages in which the jury is properly instructed on the various categories of damages and is informed of the limited role of presumed damages, as described in W.J.A. v.

D.A., 210 N.J. 229 (2012).

1. Presumed damages is a procedural device that allows a defamation case to go to the jury in the absence of proof of actual damages. If the jury finds the statement defamatory, without proof of actual damages, only nominal damages can be awarded. Presumed damages may not be awarded in any higher amount. Ibid. (p. 3)

2. There are three categories of damages in a defamation action: (1) actual; (2) punitive; and (3) nominal. "Actual" damages, alternatively referred to as compensatory damages, are comprised of two subcategories: "Special" damages, which compensate a plaintiff for specific economic or pecuniary loss, and "general" damages, which address harm that is not capable of precise monetary calculation. As the Court expressed in W.J.A., actual damages can include harm caused by "'impairment to reputation and standing in the community,' along with personal humiliation, mental anguish, and suffering to the extent that they flow from the reputational injury." 210 N.J. at 239 (quoting Gertz v. Robert Welch, Inc., 418 U.S. 323, 350 (1974)). All compensatory damages, whether considered special or general, depend on showings of actual harm, demonstrated through competent evidence, and may not include a damage award presumed by the jury. By way of contrast, "nominal" damages, including those that may be presumed, are not to be awarded as compensation and are not appropriate when compensatory damages are otherwise available to the plaintiff. Here, the jury was instructed that presumed damages could be awarded to compensate plaintiffs for reputational harm. That instruction was given prior to the publication of W.J.A. and did not accurately reflect defamation law in this State. Therefore, the cleanest and most fair resolution is to vacate the entire award and remand this matter for a new trial on damages. (pp. 3-5).

3. Lastly, the Court specifically rejects plaintiffs' invitation to amend the applicable one-year statute of limitations. See N.J.S.A. 2A:14-3. The statute's clear and unqualified language requires all libel claims to be made within one year of the date of the publication. In so holding, the Court leaves amendment of the statute to the Legislature, should that body deem it advisable to create some flexibility for late discovery of defamation conveyed in confidential documents. (pp. 5-6).


**CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, FERNANDEZ-VINA, and SOLOMON join in this opinion. JUSTICE PATTERSON and JUDGE CUFF (temporarily assigned) did not participate.**

NUWAVE INVESTMENT
CORPORATION, TROY W. BUCKNER,
and JOHN S. RYAN,

     Plaintiffs-Appellants,

        v.

HYMAN BECK & COMPANY, INC.,
ALEXANDER HYMAN, and RICHARD
DEFALCO,

     Defendants,

        and

FIRST ADVANTAGE LITIGATION
CONSULTING, LLC (f/k/a
BACKTRACK REPORTS, INC.),

     Defendant-Respondent.

_____

NUWAVE INVESTMENT
CORPORATION, TROY W. BUCKNER,
and JOHN S. RYAN,

     Plaintiffs-Appellants,

        v.

HYMAN BECK & COMPANY, INC.
and ALEXANDER HYMAN,

     Defendants-Respondents,

        and

FIRST ADVANTAGE LITIGATION
CONSULTING, LLC (f/k/a
BACKTRACK REPORTS, INC.) and
RICHARD DEFALCO,

     Defendants.

1

Argued April 13, 2015 – Decided May 27, 2015

On certification to the Superior Court, Appellate Division, whose opinion is reported at 432 N.J. Super. 539 (App. Div. 2013).

Thomas J. Smith, a member of the Pennsylvania bar, and John F. Olsen argued the cause for appellants (Mr. Olsen and K&L Gates, attorneys; Mr. Olsen and Anna J. Vecchi, on the briefs).

Philip R. Sellinger argued the cause for respondents Hyman Beck & Company and Alexander Hyman (Greenberg Traurig, attorneys; Mr. Sellinger, Ian S. Marx, and Helen E. Kleiner, on the brief).

Mark S. Melodia argued the cause for respondent First Advantage Litigation Consulting, LLC (f/k/a Backtrack Reports, Inc.) (Reed Smith and Bonner Kiernan Trebach & Crociata, attorneys; Paul Bond and Kenneth A. Schoen, on the brief).

Thomas J. Cafferty argued the cause for amicus curiae New Jersey Press Association (Gibbons, attorneys; Mr. Cafferty, Nomi I. Lowy, and Lauren James-Weir, on the brief).

Frank L. Corrado argued the cause for amicus curiae American Civil Liberties Union of New Jersey (Barry, Corrado & Grassi, McCusker, Anselmi, Rosen & Carvelli, and Edward L. Barocas, attorneys; Mr. Corrado, Mr. Barocas, Bruce S. Rosen, and Jeanne M. LoCicero, on the brief).

PER CURIAM

The judgment of the Appellate Division is affirmed substantially for the reasons expressed in Judge Messano's well-

2

reasoned and comprehensive opinion. <u>NuWave Inv. Corp. v. Hyman Beck & Co.</u>, 432 <u>N.J. Super.</u> 539 (App. Div. 2013). We agree that this matter requires a new trial on damages in which the jury is properly instructed on the various categories of damages and is informed of the limited role of presumed damages, as described in <u>W.J.A. v. D.A.</u>, 210 <u>N.J.</u> 229 (2012). We add only the following in order to stress the important distinction between presumed and actual damages.

First, we note that this case does not involve a public figure or a matter of public concern, but rather defamatory statements concerning private, commercial parties. Under these circumstances, as we explained in <u>W.J.A.</u>, the presumed-damages doctrine's continued vitality lies merely in "permitting a plaintiff to survive summary judgment." <u>Id.</u> at 249. Presumed damages is a procedural device that allows a defamation case to go to the jury in the absence of proof of actual damages. If the jury finds the statement defamatory, without proof of actual damages, only nominal damages can be awarded. <u>Ibid.</u> Presumed damages may not be awarded in any higher amount. <u>See</u> <u>ibid.</u>

Second, we use this opportunity to once again clarify the categories of damages in a defamation action. There are three: (1) actual; (2) punitive; and (3) nominal. <u>Id.</u> at 239 (citing <u>Prosser and Keeton on Torts</u> § 116A at 842 (5th ed. 1984)). "Actual" damages are alternatively referred to as compensatory

3

because they are intended to compensate the plaintiff for the wrong done by the defamatory speech. See ibid. There are two subcategories of actual damages: special and general. Ibid. (citing Prosser and Keeton, supra, § 116A at 842).

Actual damages deemed "special" compensate a plaintiff for specific economic or pecuniary loss. See id. at 240; Cooley on Torts § 164 at 580 (4th ed. 1932). Actual damages deemed "general" address harm that is not capable of precise monetary calculation. See Gertz v. Robert Welch, Inc., 418 U.S. 323, 350, 94 S. Ct. 2997, 3012, 41 L. Ed. 2d 789, 811 (1974) (explaining that "actual injury is not limited to out-of-pocket loss"); Prosser and Keeton, supra, § 116A at 843. Thus, as expressed in W.J.A., supra, actual damages can include harm caused by "'impairment to reputation and standing in the community,' along with personal humiliation, mental anguish, and suffering to the extent that they flow from the reputational injury." 210 N.J. at 239 (quoting Gertz, supra, 418 U.S. at 350, 94 S. Ct. at 3012, 41 L. Ed. 2d at 811). All compensatory damages, whether considered special or general, depend on showings of actual harm, demonstrated through competent evidence, and may not include a damage award presumed by the jury.

By way of contrast, "nominal" damages, which include those that may be presumed as explained in W.J.A., "serve[] the

4

purpose of vindicating" the character of "a plaintiff who has not proved a compensable loss." Id. at 240-41 (citations omitted). As a result, presumed damages are not to be awarded as compensation and are not appropriate when compensatory damages are otherwise available to the plaintiff.

Here, the jury was instructed that presumed damages could be awarded to compensate plaintiffs for reputational harm. That instruction was given prior to the publication of our holding in W.J.A. and did not accurately reflect defamation law in this State. Permitting the jury to presume reputational harm in this case enabled the jury to exercise an impermissible degree of unbridled discretion to award damages that may not have reflected evidence that was submitted. Because it is unclear whether the entirety of the jury award was influenced by the inadequate instruction on the proper roles of the various categories of damages and the circumstances under which they are available to plaintiffs, the cleanest and most fair resolution is to vacate the entire award and remand this matter for a new trial on damages.

Finally, notwithstanding our affirmance in respect of the statute of limitations issues raised herein, see NuWave Inv. Corp., supra, 432 N.J. Super. at 564-65, for completeness, we specifically reject plaintiffs' invitation for the Court to amend the applicable one-year statute of limitations. See

5

N.J.S.A. 2A:14-3. Plaintiffs argue that equity requires the statute of limitations for defamation actions to implicitly include a "discovery rule" in cases involving confidential publications. Although there is a strong argument that such flexibility might advance the cause of justice in certain constrained publications of defamatory information that must be assessed under the current statute of limitations, we consider ourselves bound by the plain language of the statute. See ibid. The statute's clear and unqualified language requires all libel claims to be made within one year of the date of the publication. That language cannot be reconciled with the exception proposed by plaintiffs. In declining to create a judicial discovery rule, we leave amendment of the statute to the Legislature, should that body deem it advisable to create some flexibility for late discovery of defamation conveyed in confidential documents.

CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, FERNANDEZ-VINA, and SOLOMON join in this opinion. JUSTICE PATTERSON and JUDGE CUFF (temporarily assigned) did not participate.

SUPREME COURT OF NEW JERSEY

NO.    A-81                            SEPTEMBER TERM 2013

ON CERTIFICATION TO        Appellate Division, Superior Court



NUWAVE INVESTMENT
CORPORATION, ET AL.,

     Plaintiffs-Appellants,

        v.

HYMAN BECK & COMPANY, INC.,
ET AL.,

     Defendants-Respondents,

        and

FIRST ADVANTAGE LITIGATION
CONSULTING, LLC (f/k/a
BACKTRACK REPORTS, INC.),

     Defendant-Respondent.



DECIDED          May 27, 2015
                 Chief Justice Rabner                    PRESIDING
OPINION BY              Per Curiam
CONCURRING/DISSENTING OPINIONS BY
DISSENTING OPINION BY

| CHECKLIST | AFFIRMED | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | X | |
| JUSTICE FERNANDEZ-VINA | X | |
| JUSTICE SOLOMON | X | |
| TOTALS | 5 | |