**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-2807

_____

ANNA BARAN,
                                    Appellant

v.

ASRC/MSE; ROSE WELLS

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1:17-cv-07425)
District Judge:  Honorable Renee M. Bumb

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 14, 2020

_____

Before:  CHAGARES, SCIRICA, and ROTH, <u>Circuit Judges</u>

(Filed: May 20, 2020)

_____

OPINION[*]

_____

---

[*]  This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Circuit Judge.

Appellant Anna Baran claims that her former employer Missions Solutions, LLC ("MSE") defamed her by falsely reporting that she had threatened workplace violence. After a trial, the District Court set aside the jury's verdict in favor of Baran, holding that her defamation claims are time-barred. We will affirm.

I.

We write for the parties and so recite only the facts necessary to our disposition.

A.

Baran is a former employee of MSE, a military defense contractor that supplies systems and software engineering, integration services, and products for mission-critical defense systems. Baran worked as a Senior Quality Assurance Engineer, a position that requires a security clearance, until she was terminated for allegedly threatening to shoot three of her supervisors at MSE.

According to Baran's coworker Rosemarie Wells, Baran had long complained that she was the victim of "bullying" by one of her supervisors. Appendix ("App.") 245. On January 7, 2013, Baran allegedly told Wells, "don't be surprised if this place goes up," and stated that "if [she] had a gun," she would shoot her three supervisors. App. 244–45. Wells reported Baran's comments to MSE's Facility Security Officer Francis McKenna, and Baran was suspended pending an investigation. During the investigation, Baran denied making any threats. Nevertheless, on January 9, 2013, Baran was arrested and charged with making a terroristic threat. A few days later, on January 14, 2013, MSE terminated Baran's employment.

On January 15, 2013, McKenna updated Baran's incident history in the Joint Personnel Adjudication System ("JPAS") to reflect the circumstances surrounding Baran's employment. JPAS is the U.S. Department of Defense ("DOD") personnel database of record for security clearance processing. MSE claims that McKenna entered this information as required by federal regulations, reflected in the National Industrial Security Program Operating Manual ("NISPOM"). NISPOM directs employers to update JPAS with any "adverse information about a cleared employee that would indicate that [her] ability to protect classified [information] might be compromised." App. 253. On May 1, 2013, McKenna finalized his earlier incident report about Baran's termination in JPAS (the "JPAS Report").

Although the criminal charges against Baran were eventually dropped and her record was expunged, the JPAS Report does not reflect this final disposition. Baran claims that MSE's comments about the nature of her termination in the JPAS Report prevented her from obtaining a comparable job; on one occasion, a job offer was rescinded because she was unable to obtain a security clearance due to the description of events in the JPAS Report.

B.

On January 6, 2015, Baran filed a complaint against MSE in the Superior Court of New Jersey, Burlington County, alleging claims including defamation and retaliation. Over the course of several years, the case was dismissed, reinstated, proceeded through discovery, set for trial in state court, and then removed to federal court pursuant to 28 U.S.C. § 1442.

3

The Superior Court had dismissed Baran's defamation claims as untimely before trial, leaving only Baran's retaliation claim. Baran moved for reconsideration of this dismissal, however, arguing that the defamation claims should be reinstated because they were premised upon McKenna's statements in the JPAS Report. During oral argument on the motion, Baran conceded that the statements in the JPAS Report were made in 2013 and, therefore, that her claims normally would be time-barred under New Jersey's one-year statute of limitations for defamation. Baran argued, however, that her claims should be tolled under the discovery rule, because she did not learn of the JPAS Report until August 2014, when she interviewed with a potential employer. The Superior Court asked Baran's counsel, "Does the discovery rule apply to defamation?" to which she responded, "Yes, I'm – I'm sorry." App. 140. The Superior Court thus held that the discovery rule applied and tolled Baran's claims. As a result, the court reinstated Baran's defamation claims.

MSE then removed the case to federal court under 28 U.S.C. § 1442, asserting federal officer jurisdiction because Baran's defamation claims were based on statements mandatorily entered into the DOD's JPAS system. After a four-day trial, the jury found that MSE's statements in the JPAS Report were false and defamatory, and awarded Baran $3.5 million in damages. Following the announcement of the verdict, MSE renewed its motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b) on the grounds that Baran's defamation claims were barred by the statute of limitations.

The District Court granted MSE's motion, holding that because Baran's defamation claims were based on the statements in the JPAS Report, which was finalized

on May 1, 2013, and the discovery rule does not apply to defamation claims in New Jersey, her claims are time-barred. The District Court rejected Baran's argument that MSE abandoned its statute of limitations defense by not including it in MSE's amended answer or the joint final pretrial order.

This timely appeal followed.

## II.

The District Court had jurisdiction under 28 U.S.C. §§ 1442(a)(1) and 1332, and we have appellate jurisdiction under 28 U.S.C. § 1291. "We exercise plenary review of an order granting or denying a motion for judgment as a matter of law and apply the same standard as the district court." Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1166 (3d Cir. 1993).

## III.

Baran contends that MSE forfeited its statute of limitations defense by failing to include it in MSE's amended answer or the joint final pretrial order and that the discovery rule should be applied here.[1] We address each argument in turn.

---

[1] Although the parties use the term "waiver," the issue in this case is more accurately described as one of forfeiture. See Barna v. Bd. of Sch. Directors of Panther Valley Sch. Dist., 877 F.3d 136, 147 (3d Cir. 2017) (describing forfeiture as "the failure to make the timely assertion of a right" and waiver as "the intentional relinquishment or abandonment of a known right" (quotation marks omitted)); see also Kontrick v. Ryan, 540 U.S. 443, 458 (2004) (analyzing the question of whether "Kontrick forfeited his right to assert the untimeliness of Ryan's amended complaint by failing to raise the issue until after that complaint was adjudicated on the merits").

A.

Baran first claims that the District Court erred in "exercis[ing] its discretion to rule upon [MSE's] statute of limitations affirmative defense." App. 43. We disagree.[2]

Baran argues that MSE forfeited its statute of limitations defense when it failed to include the defense in either its amended answer or the joint final pretrial order. It is true that parties should generally "assert affirmative defenses early in litigation, so they may be ruled upon, prejudice may be avoided, and judicial resources may be conserved." Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002). "However, there is no hard and fast rule limiting defendants' ability to plead the statute of limitations." Cetel v. Kirwan Fin. Grp., Inc., 460 F.3d 494, 506 (3d Cir. 2006). Indeed, "affirmative defenses can be raised by motion, at any time (even after trial), if plaintiffs suffer no prejudice." Id. (emphasis added). Additionally, "[i]t is well established that departure from or adherence to the pretrial order is a matter peculiarly within the discretion of the trial judge." Beissel v. Pittsburgh & Lake Erie R.R. Co., 801 F.2d 143, 150 (3d Cir. 1986).

Here, the District Court determined, and we agree, that Baran suffered no undue prejudice because she "knew of [MSE's] statute of limitations objection for almost two

---

[2] The parties disagree about the standard of review for this argument: Baran claims our review is plenary, while MSE contends that we review for abuse of discretion. Baran is correct that "[i]nasmuch as the claim of [forfeiture] raises legal questions, our review on the issue is plenary." Bradford-White Corp. v. Ernst & Whinney, 872 F.2d 1153, 1160 n.6 (3d Cir. 1989). Here, however, we are reviewing the District Court's determination that MSE did not forfeit its statute of limitations defense. And "[w]e review a lower court's decision regarding the [forfeiture] of an affirmative defense for abuse of discretion." Sharp v. Johnson, 669 F.3d 144, 158 (3d Cir. 2012). Accordingly, we review the District Court's decision about forfeiture for abuse of discretion.

6

years before trial," when she "sought to keep the defamation claim[s] alive based on a misapplication of the discovery rule" in the Superior Court. App. 40. Although MSE could have raised the issue earlier, either in its amended answer or the joint final pretrial order, the Superior Court had previously ruled that the issue was to be tried before a jury. See App. 151 (Superior Court noting that it was "not preventing [Baran] from putting together a case to bring to the jury on defamation," although it "may not let the . . . jury consider" the defamation claims depending on the evidence presented at trial).

Indeed, MSE raised its statute of limitations defense several times throughout the litigation, including in its two motions to dismiss, opposition to Baran's motion for reconsideration, and pretrial brief. In short, Baran had sufficient notice of MSE's statute of limitations defense and ample time to explore the issue and prepare a response. The District Court, therefore, was well within the bounds of its discretion to allow MSE to raise this affirmative defense in its Rule 50 motion, even if it had not done so in its amended answer or the joint final pretrial order.

B.

Baran next argues that we should extend the discovery rule to her defamation claims because the JPAS Report was confidential and not accessible to her.[3] In New Jersey, however, the discovery rule cannot extend the limitations period for defamation claims. See Nuwave Inv. Corp. v. Hyman Beck & Co., 114 A.3d 738, 741 (N.J. 2015) (rejecting "plaintiffs' invitation for the Court to amend the applicable one-year statute of

---

[3] We review this claim de novo, as it raises legal questions. See Bradford-White Corp., 872 F.2d at 1160 n.6.

7

limitations" for defamation claims because it is "bound by the plain language of the statute" which "requires all libel claims to be made within one year of the date of the publication").

Nevertheless, Baran urges us to find a limited exception here in the interest of justice, which "demands the application of the discovery rule in this case where the jury has reached a verdict." Baran Br. 24. Because <u>Erie Railroad Co. v. Tompkins</u>, 304 U.S. 64 (1938), requires us "to follow state law as announced by the highest state court," however, we must reject Baran's argument and defer to the Supreme Court of New Jersey. <u>Sheridan v. NGK Metals Corp.</u>, 609 F.3d 239, 253 (3d Cir. 2010) (quotation marks omitted).

\*　　　\*　　　\*

Baran does not contest that if MSE did not forfeit its statute of limitations defense, and if the discovery rule does not apply, her defamation claims are time-barred. Indeed, as the District Court correctly found, the statements in the JPAS Report were the only evidence supporting Baran's defamation claims; the JPAS Report was finalized on May 1, 2013; and Baran did not commence this action until January 6, 2015. Baran's defamation claims thus fall outside of New Jersey's one-year statute of limitations period. <u>See</u> N.J. Stat. Ann. § 2A:14-3.[4]

---

[4] Because we will affirm the District Court's holding that Baran's defamation claims are time-barred, we need not reach Baran's argument that MSE is not entitled to qualified immunity for any defamatory conduct. Nor do we address Baran's contention that her "counsel did not make a misrepresentation to the state court." Baran Br. 27.

8

## IV.

For these reasons, we will affirm the order of the District Court.