**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2143-20

DAMARIS CHANDLER,
as administrator ad prosequendum
of the estate of JOSEPH E.
CHANDLER, JR., deceased,

     Plaintiff-Respondent,

v.

TODD W. KASPER,

     Defendant-Appellant,

and

THOMAS C. KASPER,

     Defendant,

and

KAZZ, INC., d/b/a KASPER'S
CORNER and KASPER
AUTOMOTIVE,

     Defendants-Respondents.
_____

Argued September 13, 2021 – Decided October 7, 2021

Before Judges Sabatino and Rothstadt.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-4710-18.

Neal A. Thakkar argued the cause for appellant (Sweeney & Sheehan, PC, attorneys; Frank Gattuso and Jacqueline M. DiColo, on the briefs).

Robert Douglas Kuttner argued the cause for respondent Damaris Chandler.

Mark R. Sander argued the cause for respondent Kazz, Inc. (Thomas, Thomas & Hafer, LLP, attorneys; Mark R. Sander, of counsel and on the brief).

PER CURIAM

In this wrongful death, N.J.S.A. 2A:31-1 to -6, and Survivor's Act, N.J.S.A. 2A:15-3, action, we granted defendants Todd W. Kasper, Kazz, Inc. d/b/a Kasper's Corner, and Kasper Automotive, leave to appeal from two January 22, 2021 orders entered by the Law Division, denying defendants' motion for partial summary judgment, and permitting plaintiff to amend her previously filed complaint to correct her standing by designating herself both as Administrator Ad Prosequendum and the General Administrator of her deceased father's estate. According to defendants' arguments before the motion judge and now on appeal, plaintiff could not have standing to bring the Survivor's Act

action because no estate existed at the time she filed her complaint. And, by the time letters of administration were issued to plaintiff and she sought to amend her complaint, the statute of limitations for the Survivor's Act action ran years before. The motion judge acknowledged the deficiency in plaintiff's initial standing but still denied defendants' motion to dismiss as a matter of equity. We reverse that determination and remand for entry of orders dismissing plaintiff's Survivor's Act action for lack of standing because plaintiff's original complaint was a nullity and any amendment sought after the statute of limitations ran could not relate back to that complaint.

The undisputed facts giving rise to the complaint in this action are taken from the motion record and summarized as follows. The decedent, Joseph E. Chandler, was struck by an automobile while crossing a street on December 21, 2016. The vehicle that struck the decedent was driven by defendant Todd W. Kasper and owned by defendant Thomas C. Kasper. As a result of being struck by that vehicle, the decedent suffered significant injuries and passed away six days later.

Just prior to the statute of limitations running as to the decedent's and his heirs' claims, on December 18, 2018, the decedent's daughter, plaintiff Damaris Chandler, filed a two-count complaint as Administrator Ad Prosequendum of

her father's estate. The complaint alleged that the decedent died on December 27, 2016, intestate and that plaintiff had been appointed as Administrator Ad Prosequendum prior to the filing of the complaint. The first count asserted a claim under the Survivor's Act for the personal injuries and pain and suffering the decedent experienced prior to his death. The second count asserted a wrongful death action, which claimed that the decedent's daughters, plaintiff and India Ruhlman, his son Kerri Chandler, and his other "survivors and next of kin" were entitled to damages. In response, defendants filed answers to the complaint. Defendants Todd and Thomas Kasper's answer asserted as a separate defense that plaintiff's claims were statutorily barred by both the wrongful death statute and by the Survivor's Act. Thereafter the parties engaged in discovery. At no time prior to the filing of the subject summary judgment motions did defendants otherwise assert that plaintiff lacked standing to bring the Survivor's Act action.

Thereafter, in November 2020, defendants filed a motion for summary judgment seeking dismissal of the Survivor's Act action because plaintiff lacked standing to bring that claim as letters of general administration had never been issued to her. Plaintiff filed opposition to the motion and a cross-motion to file

4

a second amendment complaint to reflect that on December 8, 2020, plaintiff obtained letters of general administration.

In a certification filed in support of her cross-motion and in opposition to defendants' motion, plaintiff explained that there was a delay in her being able to seek appointment as both Administrator Ad Prosequendum and as General Administrator of her father's estate due to disagreements between her and her siblings. Moreover, she understood from discussions with representatives of the county surrogate's office that because there were no assets in the estate, it was only necessary for her to be appointed as Administrator Ad Prosequendum to file the lawsuit and later be appointed as General Administrator to distribute any recovery. According to plaintiff, only when the estate had assets would she need to be appointed as general administrator, which she began to pursue only when defendants "made a small offer in mediation" to settle this case in August 2020. However, it took additional time to persuade her siblings to agree to her appointment.

After further submissions, the motion judge considered the parties' oral arguments on January 22, 2021. Afterward, the motion judge denied defendants' motion and granted plaintiff's cross-motion, placing his reasons on the record that same day. In his oral decision, the motion judge discussed the case law

5

relied on by the parties and raised by the judge, before concluding that plaintiff acted diligently and "provided [defendants] timely notice of the [Survivor's Act] claim by the initial complaint and . . . perhaps there's a defect in the standing of . . . plaintiff, but [she] was seeking to proceed diligently. [And,] New Jersey Law holds that it would be inequitable to deny [a] party their day in court because of ignorance."

The judge also determined that "[a] deceased party['s] claim[] can only proceed through either [A]dministration [A]d [Proseqeundum] or through an estate being raised." He stated that defendants' argument as to standing was at best a "technical argument" and that "[s]tatute of limitations defenses are not permitted where mechanical application would inflict an obvious and unnecessary harm on . . . the party who holds the claim without advancing the legitimate purpose." And, according to the judge "[t]o deny a relation back . . . serves no legitimate purpose." The judge also relied on the fact that the parties participated in an arbitration and in discovery for years without defendants raising any issues as to standing. However, the judge found that "because standing's a threshold issue [that is] very similar to jurisdiction, it cannot be waived." Nevertheless, a defect in standing did not "mandate [] . . . the sanction of dismissal."

A-2143-20

The judge also found support in the fact that plaintiff had difficulty in pursuing the issuance of letters of general administration because of disagreements between her and her siblings. He found that the siblings only agreed to renounce their rights to being named Administrator Ad Prosequendum immediately before the filing of the complaint, but "they wouldn't permit full representation of the estate by [plaintiff.]" Moreover, plaintiff relied on information she received from the surrogate's office that seemed to indicate that she could initially pursue the action as Administrator Ad Prosequendum and later could seek letters of administration that would allow for distribution of any funds that may be recovered in the action. It was not until December of 2020 that plaintiff's siblings renounced and allowed her to proceed to seek letters of administration. Therefore, the judge concluded that he should "permit the cure of the standing issue" by allowing the amendment of the complaint to relate back to remedy any issue as to standing. This appeal followed.

On appeal, defendants challenged the judge's legal conclusion that despite the running of the statute of limitations plaintiff should be allowed to amend the complaint to relate back to its initial filing. "Because the question presented, whether decedent's estate could avoid the running of the statute of limitations by having its amended complaint relate back to the complaint filed in [plaintiff's]

name [as Administrator Ad Prosequendum years after the running of the statute of limitations] is solely a question of law, our review is de novo." Repko v. Our Lady of Lourdes Med. Ctr. Inc., 464 N.J. Super. 570, 574 (App. Div. 2020).

In Repko, the plaintiff's attorney had filed a complaint in the name of his deceased client without knowing she was dead. When he learned of her passing, he sought to amend the complaint to substitute the client's estate and to add a claim under the Survivor's Act, but did so three years after the cause of action arose and after the statute of limitations had run. In our opinion, we reversed the denial of defendant's motion to dismiss the complaint as barred by the statute of limitations and remanded for the entry of an order dismissing the complaint with prejudice. Id. at 578. There, we observed that the original complaint was a "nullity" because a deceased person cannot be a plaintiff. Id. at 575. We concluded there was nothing for an amendment of the complaint to relate back to, which warranted dismissal of the Survivor's Act claim. Id. at 573.

In the present action, the motion judge and plaintiff on appeal rejected defendants' argument that our holding in Repko was applicable to this case. We disagree.

At the outset, we note the important distinction between a wrongful death action and a Survivor's Act action; the former belonging to the individual

survivors of the decedent and the later belonging only to the decedent's estate. "[T]he Survivor's Act preserves to the decedent's estate any personal cause of action that decedent would have had if he or she would have survived." Smith v. Whitaker, 160 N.J. 221, 233 (1999). The Survivor's Act permits only an "executor, suing on behalf of [an] estate, to recover the damages [the] testator would have had if [the testator] was living." Repko, 464 N.J. Super. at 577 (quoting Smith, 160 N.J. at 233). On the other hand, a wrongful death action must "be brought in the name of an [A]dministrator [A]d [P]rosequendum of the decedent for whose death damages are sought," or by an executor where the decedent's will has been probated, N.J.S.A. 2A:31-2, and any recovery belongs to the decedent's heirs. See N.J.S.A. 2A:31-4.

As explained by Judge Milton A. Feller many years ago in Kern v. Kogan, 93 N.J. Super. 459 (Law Div. 1967), there is a significant difference between the two actions:

> The death statute gives to the personal representatives a cause of action beyond that which the deceased would have had if he had survived, and based upon a different principle, a new right of action. The recovery goes, not to the estate of the deceased person, but to certain designated persons or next of kin. In the recovery the executor or administrator as such has no interest; the fund is not liable to the debts of the deceased, nor is it subject to disposition by will, for the reason that the primary concern of the [A]ct . . . is to provide for those

9

who may have been the dependents of the deceased. . . .

[The Survivor's Act] contemplates compensation to the deceased person's estate. It is in the interval between injury and death only that loss can accrue to the estate, and in that alone is the personal representative interested. . . . The damages for personal injury and the expense of care, nursing, medical attendance, hospital and other proper charges incident to an injury as well as the loss of earnings in the life of the deceased are the loss to his estate and not to [his widow or next of kin].

[Id. at 471-72 (citation omitted).]

"Under these acts, the [A]dministrator Ad [P]rosequendum is the proper party to bring a lawful death action and a [G]eneral [A]dministrator is the proper party to institute a survival action." Id. at 473.

Notably the Survivor's Act includes a provision "to toll any statute of limitations on a claim belonging to a decedent for up to six months following death for the 'salutary purpose of providing executors and administrators with a limited period of time after death to evaluate potential claims available to the estate.'" Repko, 464 N.J. Super. at 577 (quoting Warren v. Muenzen, 448 N.J. Super. 52, 67-68 (App. Div. 2016) (citing N.J.S.A. 2A:14-23.1)).

Applying these well settled principals to the facts in the matter before us, we must reverse the motion judge's determination that the complaint in this matter could have been amended to correct what was obviously plaintiff's lack

10

of standing to bring the Survivor's Action in her capacity as Administrator Ad Prosequendum.  Her reasons for not pursuing letters of general administration are of no moment.  Like the complaint filed on behalf of the deceased plaintiff in Repko, here, the filing of the complaint prior to the establishment of an estate was a "nullity."  Id. at 573.  Any delay caused by a dispute among the heirs or siblings could have been avoided with the filing of an appropriate probate action long before the statute of limitations expired for the filing of the Survivor's Act claim, which as noted provides for a tolling of that time period to allow for such arrangements to be made or issues to be addressed.

As we noted in Repko, the "issue . . . of standing [is] succinctly defined . . . as 'the legal right to set judicial machinery in motion,'" id. at 574 (quoting Eder Bros. v. Wine Merchs. of Conn., Inc., 880 A.2d 138, 143 (Conn. 2005)).  Here, plaintiff did not have that legal right as to the Survivor's Act action at the time the complaint was filed and did not acquire it until after the statute of limitations had run on the estate's claim under that act.  Regardless of the fact that defendants had notice of the claim through service of the original complaint, that pleading remained a nullity and could not have been asserted once the statute of limitations had run.  Although we appreciate the motion

11

judge's endeavor to attain an equitable result, the governing law simply does not authorize it.

Reversed and remanded for entry of an order dismissing the Survivor's Act action count of the complaint.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

12